# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LINDSAY PIPKINS-EVANS,<br><br>    Plaintiff<br><br>v.<br><br>ALLISON ALESSANDRO,<br><br>    Defendant | Case No.: 2:17-cv-00439-APG-CWH<br><br>**Order Rejecting Proposed Joint Pretrial Order**<br><br>[ECF No. 26] |

The parties' proposed Joint Pretrial Order (ECF No. 26) does not comply with Local Rules 16-3 and 16-4. For example, in her exhibit list, the plaintiff includes "All exhibits listed by any other party to this litigation," "All documents identified during discovery in this litigation," "All pleadings filed in the case," "All responses to any Interrogatories and/or Request for Admissions by any Defendant in this litigation," and "All depositions including exhibits." Next, both parties refer vaguely to "medical records," "medical bills," "radiographic films," and other generic descriptions of groups of exhibits. Local Rule 16-3(b)(8) requires parties to list their specific trial exhibits, rather than vaguely referring to generic groups. Such vague, broad designations of exhibits make it impossible for the other party to object, as proven by the fact that neither party states the grounds for any objections to the other side's exhibits, as required by Local Rule 16-3(b)(8)(B).

Both parties' witness lists include several "Person Most Knowledgeable" witnesses. The parties should know by now the names of the witnesses they intend to present at trial. If those witnesses were not identified during discovery, they cannot be called at trial. To the extent the parties intend to designate custodians of record for various exhibits, that appears unnecessary because the parties' respective exhibit lists identify many of the same documents. Had the

parties truly conferred about their lists as required by the Local Rules, they would have stipulated to most of the exhibits, eliminating the need for custodians of records at trial.

Finally, each party also attempts to reserve the right to call any witness named by the other party, which violates Local Rule 16-3(b)(12).

Local Rules 16-3 and 16-4 are designed to streamline the trial preparation and presentation, and to foster settlement. The parties cannot simply wait to make trial decisions until the eve of trial. If they do, they cannot conduct effective settlement discussions. It is apparent from the proposed Joint Pretrial Order that the defendants ignored the spirit, purpose, and language of Local Rules 16-3 and 16-4. The proposed order will be rejected. The parties shall submit a new proposed joint order addressing these identified problems and complying with Local Rules 16-3 and 16-4.

IT IS ORDERED that the parties' proposed Joint Pretrial Order (**ECF No. 26) is REJECTED.** The parties shall personally confer as required in Local Rule 16-3 and submit a Joint Pretrial Order that complies with Local Rule 16-4 by August 24, 2018.

DATED this 3rd day of August, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE