# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LINDSAY PIPKINS-EVANS,

    Plaintiff

v.

ALLISON ALESSANDRO,

    Defendant

Case No.: 2:17-cv-00439-APG-CWH

**Second Order Rejecting Proposed Joint Pretrial Order**

[ECF No. 29]

I previously rejected the parties' initial proposed Joint Pretrial Order. ECF No. 28. The parties have submitted a second proposed Joint Pretrial Order (ECF No. 29) that seemingly ignores my prior order and again fails to comply with Local Rules 16-3 and 16-4, particularly with regard to the plaintiff's portion of the proposed order. For example, in her new exhibit list, the plaintiff includes such vague descriptions as "Medical records and bill(s) from University Medical Center," "Color Photographs of Incident Scene," "Any and all documents disclosed by Defendants," "All exhibits listed by any other party to this litigation," "All documents identified during discovery in this litigation," "All pleadings filed in the case," "All responses to any Interrogatories and/or Request for Admissions by any Defendant in this litigation," and "All depositions including exhibits." My prior order specifically referred to these designations as improper, yet the plaintiff's counsel again included them in the proposed order. The plaintiff also improperly attempts to "reserve[] the right to utilize any and all exhibits, documents and/or tangible things, and/or items identified and/or produced by Defendants or any other parties to this action, whether or not they have been dismissed from the instant action at the time of trial of this matter." Local Rule 16-3(b)(8) requires that the exhibit lists "must describe the exhibits sufficiently for ready identification." The plaintiff's list violates that rule.

Next, the plaintiff attempts to "reserve[] the right to object to any and all exhibits offered by any other party until such time that they are admitted," "reserve[] the right to object to any exhibit or other evidence not timely disclosed in discovery," and "further reserve[] the right to object to any exhibit offered by Defendant on any basis allowed by the rules of evidence, rules of civil procedure or, by the rulings of this Court, at any time during Trial." The defendant likewise appears to attempt to reserve the right to object at trial. *See* ECF No. 29 at 5:5-7. However, given the typographical errors in that statement, it is unclear what exhibits the defendant is referencing there. Local Rule 16-3(b)(8)(B) requires the parties to "list those exhibits to which objection is made and state the grounds for the objection." The parties' attempts to reserve their right to object later violates this Local Rule.

Further, the parties' estimate of a 5-7 day trial does not appear reasonable, given that there are only three total witnesses and few facts to present.

Finally, the section of the proposed order titled "Action By The Court" does not comply with that portion of Local Rule 16-4. The parties are directed to review that Local Rule.

As I stated in my prior order, Local Rules 16-3 and 16-4 are designed to streamline the trial preparation and presentation, and to foster settlement. It is unclear why the parties, and particularly the plaintiff's lawyer, ignored my prior order and the Local Rules. The proposed order will be rejected. The parties shall submit a new proposed joint order complying with Local Rules 16-3 and 16-4. If they again fail to do so, sanctions will be imposed on both the lawyers and parties responsible for the violations.

/ / / /

/ / / /

/ / / /

2

IT IS ORDERED that the parties' proposed Joint Pretrial Order (**ECF No. 29**) is **REJECTED.** The parties shall personally confer as required in Local Rule 16-3 and submit a Joint Pretrial Order that complies with Local Rule 16-4 by September 14, 2018.

DATED this 29th day of August, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE